This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of attempted escape in violation of R.C. 2903.02 and R.C. 2921.34(A) and (C)(2)(a) following a plea of no contest. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING APPELLANT, A PAROLEE IN A HALFWAY HOUSE, GUILTY OF ESCAPE UNDER R.C. 2921.34
WHERE 2967.15(C)(1) AND (2) PROVIDE THAT SUCH A PAROLEE SHALL BE TREATED AS A PAROLE VIOLATOR WHO CANNOT BE PROSECUTED FOR ESCAPE.
 "II. THE AMENDMENT OF OHIO REVISED CODE 2921.01(E) ON OCTOBER 4, 1996, AS APPLIED TO THE APPELLANT IN THIS CASE, IS AN IMPERMISSIBLE EX POST FACTO LAW AND A RETROACTIVE APPLICATION OF A STATUTE IN VIOLATION OF ARTICLE 1 SECTIONS 9 AND 10 OF THE UNITED STATES CONSTITUTION AND ARTICLE II
SECTION 28 OF THE CONSTITUTION OF THE STATE OF OHIO."
The facts that are relevant to the issues raised on appeal are as follows. Appellant was convicted of robbery in 1989 and sentenced to a term of imprisonment. Appellant subsequently was granted shock probation and, after a series of at least three parole violations which led to further periods of incarceration, he was again paroled in 1997 and placed in a halfway house operated by the Volunteers of America ("VOA"). On May 7, 1997, appellant walked away from the VOA house. He was arrested in September 1997. On October 9, 1997, appellant was indicted on one count of escape in violation of R.C. 2921.34(A) and (C)(2)(a). On November 4, 1997, appellant entered a plea of no contest to the lesser offense of attempted escape and on November 18, 1997, was sentenced. On October 20, 1998, this court granted appellant the right to file a delayed appeal.
In his first assignment of error, appellant asserts that the trial court erred by finding him guilty of escape pursuant to R.C. 2921.34 because that statute conflicts with R.C. 2967.15, which provides that a person on parole cannot be prosecuted for escape. On the authority of State v. Conyers (July 17, 1998), Lucas App. No. L-97-1327, unreported, we find appellant's first assignment of error well-taken. See, also,State v. Coley (Dec. 11, 1998), Lucas App. No. L-98-1109, unreported.
Due to our disposition of the first assignment of error, appellant's second assignment of error is rendered moot. The judgment of the Lucas County Court of Common Pleas is reversed, and this case is remanded for proceedings consistent with this opinion. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.